IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OSCAR GUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00823-O-BP |
| | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
| d/b/a MR. COOPER, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 6), filed October 19, 2017; Plaintiff's Response and Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 7), filed November 7, 2017; and Defendant's Reply in Support of its Motion to Dismiss (ECF No. 10), filed November 27, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on October 3, 2017. ECF No. 3. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF. No. 6). However, if Plaintiff timely files an amended complaint, the Motion should be **DENIED as moot**, and the action be allowed to proceed on the amended complaint.

## I. BACKGROUND

Plaintiff Oscar Guzman filed his Original Petition against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper, alleging violations of 12 C.F.R. § 1024.41 and seeking injunctive relief. ECF No. 1-1. Plaintiff's claims are based on allegedly improper notices regarding his complete

loss mitigation application and an attempted foreclosure sale of the property located at 2505 Bamberry Dr., Fort Worth, Texas 76133 (the "Property"). *Id.* at 3.

According to Plaintiff, he signed a Promissory Note payable to Bank of America, N.A., in the amount of $77,484.00, and the Note was secured by a Deed of Trust. ECF No. 1-1 at 2. Plaintiff's Original Petition states that Plaintiff allegedly signed the note on September 30, 2011 (ECF No. 1-1 at 2), while Plaintiff's response to Defendant's Motion states that he signed the note on January 6, 2006 (ECF No. 7 at 1). On or about May 15, 2017, Plaintiff states that he submitted a complete loss mitigation application to Defendant. ECF No. 1-1 at 3. Plaintiff contends that since submitting his application, he received no notice or communication in connection with his request for mortgage assistance. *See id.*

Defendant filed the instant Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's claims based on failure to state a claim. ECF No. 6. The Motion to Dismiss is confined to the following arguments: (1) 12 C.F.R. § 1024.41(i) requires dismissal of Plaintiff's 12 C.F.R. § 1024.41 claims, and (2) Plaintiff fails to adequately plead for relief under 12 C.F.R. § 1024.41. ECF No. 6. Plaintiff, in his Response, contends that the allegations in his Complaint are sufficient and, if not, the Court should grant him leave to amend his Complaint. ECF No. 7 at 4.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). Federal courts should decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has ordered that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-

established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

III. ANALYSIS

A. 12 C.F.R. § 1024.41 Claim

Under 12 C.F.R. § 1024.41(i), "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." Defendant argues that nothing in Plaintiff's pleading allows "the Court to infer that this suit concerns Plaintiff's first loan modification request." ECF No. 6 at 3. In response, Plaintiff states that the loss mitigation application at issue in this case was his first loss mitigation application. ECF No. 7 at 4.

Defendants correctly note that Section 1024.41 "only appl[ies] to a borrower's first loss mitigation application." *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *7-*10 (N.D. Tex. Oct. 12. 2016) (Horan, J.) (citing *Wenztell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 Fed. App'x. 314, 318 n.4 (5th Cir. Oct. 2, 2015)). "Nothing in Plaintiff's Original Petition allows the Court to infer that this suit concerns Plaintiff's first loan modification request." *Jones*, 2016 WL 6581279, at *8. Plaintiff now states that he did not previously submit a loan modification request. However, courts look only to the pleadings in deciding a 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). The undersigned therefore concludes that this claim should be dismissed due to the absence of this necessary pleaded fact, but without prejudice because it appears that Plaintiff has not pleaded his best case and has not previously amended his pleadings.

4

## B. Damages

Defendant also seeks dismissal of Plaintiff's claims under 12 C.F.R. § 1024.41 and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), on the basis that Plaintiff has failed to plead any actual damages resulting from the alleged noncompliance with Section 1024.41 or to plead a "pattern or practice of noncompliance," as required to recover statutory damages. ECF No. 6. Plaintiff states that due to Defendant's actions, he has "expended significant time in the process of the loss mitigation application including his numerous attempts to obtain information from Defendant regarding the status of his mitigation" and that this resulted in "actual pecuniary loss to Plaintiff's income in the approximate amount of $150.00." ECF No. 7 at 5. Plaintiff cites *McLean v. GMAC Mortg. Corp.* to argue that other federal courts have concluded that actual damages can include lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer. ECF No. 7 at 5 (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009) (citations omitted), *aff'd*, 398 Fed. App'x. 467 (11th Cir. 2010)).

The provisions of RESPA limit the recovery of actual damages to those that result from a failure to comply with the statute and the costs allegedly incurred by a plaintiff. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed.Appx. 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd v. BAC Home Loans Servicing, LP,* 880 F.Supp.2d 747, 768 (N.D. Tex. 2012) (Ramirez, J.) (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of . . . RESPA."), *rec. adopted,* 880 F.Supp.2d 747 (N.D. Tex. 2012) (Lynn, J.). Accordingly, because Plaintiff has failed to plausibly allege that he has suffered actual damages as a result of Defendant's

5

alleged violations of 12 C.F.R. § 1024.41, the Court finds that Plaintiff's claims should be dismissed. However, as discussed above, Plaintiff requests an opportunity to "replead . . . to cure any inadvertent errors of date or party reference." ECF No. 7 at 5. The undersigned therefore concludes that Plaintiff's claims should be dismissed, but without prejudice because Plaintiff has not yet pleaded his best case and has not previously amended his pleadings.

## IV. OPPORTUNITY TO AMEND

Though not in the form of a motion, Plaintiff has requested the Court grant him the opportunity to file an amended complaint. ECF No. 7 at 5. Plaintiff has not amended his complaint since filing this action, and it does not appear to the Court that he has pleaded his best case. The undersigned finds that Plaintiff should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim for relief. *See* Fed. R. Civ. P. 15(a); *see also In re Am. Airlines, Inc., Privacy Litig.,* 370 F.Supp.2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).

## V. CONCLUSION

If Plaintiff does not file an amended complaint that states a claim for relief within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, Defendant's Motion should be **GRANTED** for the reasons previously stated. If Plaintiff timely files an amended complaint, however, the Motion should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 8, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE